<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SAVE BARNEGAT BAY, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **DONALD F. BURKE, SR.,** *et al.* <br><br> Defendants. | Civil Action No. 22-4348 (ZNQ) (LHG) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

Before the Court is a Motion to Dismiss and a Cross-Motion to Remand. The Motion to Dismiss was filed by Defendant Donald F. Burke, Jr. ("Moving Defendant"). (ECF No. 5.) Defendant filed a Brief in Support ("Moving Br.," ECF No. 5-2). Plaintiff Save Barnegat Bay, Inc., ("Plaintiff") filed an Opposition to Defendant's Motion, along with a Cross-Motion to Remand and a Request for Attorney's Fees. ("Remand Br.," ECF No. 12-2.) Moving Defendant filed a Reply. ("Reply Br.," ECF No. 14.)

The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Motion to Dismiss will be DENIED AS MOOT. The Cross-Motion to Remand will be GRANTED IN PART and DENIED IN PART; Plaintiff's request for remand will be GRANTED, but Plaintiff's request for fees and costs will be DENIED.

I.  **BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff is a non-profit New Jersey corporation whose mission is "to restore and protect Barnegat Bay and its ecosystem." (Compl. ¶ 1, attached as Ex. A[2] to Notice of Removal, ECF No. 1.) Barnegat Bay is the largest body of water in the New Jersey and is a "critically protected National Estuary." (*Id.* ¶ 9.) The bay and its tributaries are classified as Category One Waters and protected under New Jersey environmental statutes and regulations. (*Id.* ¶ 10.) Defendants Donald F. Burke, Sr., Donald F. Burke, Jr., Patricia Burke, and 80 Mantoloking, LLC (collectively, "Named Defendants") own properties in Brick Township and Bay Head, New Jersey. (*Id.* ¶ 3.)

On June 6, 2022, Plaintiff initiated this action in New Jersey Superior Court. (*See generally* Compl.) The Complaint alleges five counts against Named Defendants for violating nine state environmental statutes and regulations, which Plaintiff refers to collectively as "Environmental Statutes and Regulations." (*Id.* ¶¶ 16–162.) The Complaint asserts Plaintiff's standing to assert each of its claims under, *inter alia*, the New Jersey Environmental Rights Act, N.J.S.A. 2A:35A-1 *et seq.* (See, e.g., Compl. ¶¶ 40–41.)

On June 30, 2022, Moving Defendant filed a timely notice of removal to federal court, contending that removal is proper pursuant to 28 U.S.C. § 1331. (ECF No. 1.) Thereafter, Moving Defendant filed this Motion to Dismiss pursuant to Federal Rule 12(b)(6). As part of its opposition, Plaintiff cross-moved for remand.

---

[1] For the purposes of this motion, the Court assumes as true the facts alleged in the Complaint. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[2] The Court notes for the record that Moving Defendant incorrectly designated two separate documents attached to their Notice of Removal as "Exhibit A": the Complaint filed in Superior court, and a cease-and-desist letter dated January 20, 2022 that counsel for Save Barnegat Bay sent to Defendants Donald F. Burke, Sr. and Patricia Burke. (*See* ECF No. 1 at Page Nos. 5–38 and Page Nos. 39–40.)

## II.     LEGAL STANDARD

Federal Courts are courts of limited jurisdiction and shall only hear cases to which Congress has specifically extended jurisdiction over the subject matter. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. *Id*. A case that is removed shall be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Removal on such basis is generally subject to the well-pleaded complaint rule, and thus federal courts are obligated to "strictly construe the removal statutes against removal and resolve any doubts in favor of remand." *Entrekin v. Fisher Scientific Inc.*, 146 F. Supp. 2d 594, 604 (3d Cir. 2001) (internal citations omitted). Importantly, the presence of a federal issue in a state claim does not automatically confer federal jurisdiction. *See Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

## III.    DISCUSSION

Moving Defendant's sole basis for removal to federal court was pursuant to 28 U.S.C. § 1331. In its Cross-Motion, Plaintiff contends that all five claims in the Complaint are brought in its authorized capacity as a plaintiff under New Jersey's Environmental Rights Act for violations of New Jersey environmental statutes and regulations. (Remand Br. at 6.) Plaintiff therefore argues that the Court should remand the matter to state court because the Complaint implicates no federal question, and thus this Court lacks subject matter jurisdiction. (*Id*.) In the alternative, Plaintiff argues that removal was procedurally defective because one of the co-defendants, the New Jersey Department of Environmental Protection, did not consent to the removal. (*Id*. at 10.) Moving Defendant maintains that removal was proper because the Complaint asserts violations of federal

statutes and regulations. (Reply Br. at 5.) To show federal question jurisdiction, Moving Defendant provides that,

> The Complaint here asserts violations of "federal statutes and regulations" (Complaint, paragraph 31); states that "[t]he NJDEP enforces the Clean Water Act for the federal government pursuant to delegation." (Complaint, paragraph 11), and states the "Barnegat Bay and its tributaries and wetlands are classified as Category One Waters of the United States and are entitled to the highest protections of the federal Clean Water Act." (Complaint, paragraph 10).

*Id.* Further, Moving Defendant argues that a pre-suit letter from Plaintiff also alleges violations of federal law. *Id.*

It is well-settled that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams, 482 U.S. 386*, 392 (1987).

The Court has carefully reviewed the Complaint and finds that it does not present a federal question for the following reasons. First, while the Complaint could have been clearer on this point, Plaintiff seeks relief solely and consistently on the basis of state environmental statutes and regulations. Moreover, the relief that the Complaint requests is confined to: enjoining violations of those state environmental statutes and regulations; compelling compliance with those authorities; compelling Defendants' submission to regular inspections by NJDEP and municipal officials, and seeking fees and penalties. (*See, e.g.*, Compl. ¶ 49.) None of the claims nor the relief sought turns on questions of federal law.

Moving Defendant's citations to three paragraphs in the Complaint as a basis for federal question jurisdiction constitute some hopeful cherry-picking. Paragraphs 10 and 11 are from the "Background" section of the Complaint. Accordingly, they appear to merely provide context for

Plaintiff's claims by describing the importance of Barnegat Bay and the role NJDEP plays in protecting it.  Paragraphs 10 and 11 allege:

> 10.  Barnegat Bay and its tributaries and wetlands are classified as Category One Waters of the United States and are entitled to the highest protections of the federal Clean Water Act and New Jersey environmental statutes and regulations.
>
> 11.  The Bay and its tributaries and contiguous wetlands are listed as Category One priority wetlands on the National Wetlands Inventory of the United States Fish and Wildlife Service and are regulated as such by the NJDEP.  The NJDEP enforces the Clean Water Act for the federal government pursuant to delegation.

(Compl. ¶¶ 10–11.)  Likewise, paragraph 31 describes how an island access bridge constructed by Named Defendants for one of their properties allegedly violates a state statute and two state regulations, in addition to some unidentified "federal statutes and regulations."

> 31.  Defendants constructed a bridge extending access to a small island within the Refuge, located at 70 Mantoloking Road.  The construction of the bridge was an infringement into the Forsythe National Wildlife Refuge and constitutes a violation of the [New Jersey Freshwater Wetlands Protection Act], the [Freshwater Wetlands Protection Act Rules], the [Coastal Zone Management Rules], *and federal statutes and regulations*.  The bridge was subsequently removed.

(Compl. ¶ 31) (emphasis added.)  These three references relied upon by Moving Defendant, taken singly or together, do not transform this suit into one raising a federal question.  Courts in similar situations have held that "removal cannot be based simply on the fact that federal law may be referred to in some context in the case." *Rothman v. Union Cnty. College*, Civ. No. 08-3170, 2008 WL 11510662, at *2 (D.N.J. Nov. 19, 2008); *JVC Americas Corp. v. CSX Intermodal Inc.*, 292 F. Supp. 2d 586, 594 (D.N.J. 2003) ("federal courts have found that cases should be remanded when federal law is merely 'referenced' or 'mentioned' in the claim").  Since there is no federal question raised on the face of the Complaint, the Court concludes that Moving Defendant's removal on this basis was improper and that remand of this matter is warranted.  *See Merrell*, 478 U.S. at 813

5

(holding that the mere mention of a federal law issue in a complaint for a state law cause of action does not create subject matter jurisdiction).[3]

As part of its Cross-Motion, Plaintiff also seeks the costs associated with Moving Defendant's improper removal pursuant to 28 U.S.C. § 1447(c).  Moving Defendant counters that because Plaintiff's Motion for Remand is meritless there is no basis for an award of attorney's fees.  (Reply Br. at 9.)  On the other hand, Plaintiff argues that because its Complaint clearly demonstrates that each count against Named Defendants is made under state law, Moving Defendant lacked an "objectively reasonable" basis for removal.  (Remand Br. at 12.)

The Supreme Court has articulated that when awarding fees under § 1447(c), courts should "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140–41 (2005) (internal quotations and citations omitted).  "[T]he standard for awarding fees should turn on the reasonableness of the removal," and "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, (2005).

Here, while Moving Defendant's basis for federal subject matter jurisdiction was thin, it was not without support and, as the Court noted above, the Complaint could have more clearly specified that its claims were based solely on state law and regulations.  Under these circumstances,

---

[3] Given the Court's findings, the Court declines to assess whether removal was procedurally deficient based on lack of consent and thus is granting in part the Cross-Motion for remand solely on the basis of lack of federal question jurisdiction.

the Court cannot find that Moving Defendant's removal was objectively unreasonable. Accordingly, the Court will exercise its discretion to DENY Plaintiff's request for fees and costs.

## IV. CONCLUSION

For the reasons stated above, the Court will (1) deny as moot Moving Defendant's Motion to Dismiss, will (2) grant Plaintiff's Cross-Motion to Remand, but will (3) deny Plaintiff's request for attorney's fees and costs. An appropriate Order will follow.

Date: **March 9, 2023**

                                                s/ Zahid N. Quraishi
                                                **ZAHID N. QURAISHI**
                                                **UNITED STATES DISTRICT JUDGE**